# IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE
## OF CLEVELAND

ALLAN F. WHITE, Jr., as father &
next of kin and Administrator Ad
Litem/Personal Representative of
The Estate of Allan J. White, III., Deceased

and

MARLENE WHITE as mother &
next of kin of Allan J. White, III.
Deceased

          PLAINTIFFS,

vs.

BRADLEY COUNTY GOVERNMENT,
a political subdivision of the State of
Tennessee;

and

SHERIFF ERIC WATSON, in
his individual capacity and official capacity as
the duly elected Sheriff of Bradley County, TN
and as a police officer employed by, and in
charge of the Bradley County Sheriff's
Department

and

OFFICER TIFFANY OAKLEY, individually
and in her official capacity as a sheriff's deputy/
police officer of the Bradley County Sheriff's
Department

          DEFENDANTS.

Docket No.: V-16-493

JURY DEMANDED

FILED 2016 JUN 26 PM 4:50
GAYLA H. MILLER
CIRCUIT COURT CLERK

## COMPLAINT

Plaintiffs, **Allan F. White, Jr.,** as father, next of kin and Administrator Ad Litem/Personal

Representative of the **Estate of Allan F. White, III.,** deceased, and **Marlene White,** as mother

and next of kin of Allen F. White, III., deceased, filed this action pursuant to *42 U.S.C.§1983* and

1

Case 1:16-cv-00332-CLC-SKL   Document 1-1   Filed 08/08/16   Page 1 of 35   PageID #: 5

the Fourth and Fourteenth Amendment of the United States Constitution and other applicable law arising out of the wrongful death of their son, Allen F. White, III., on or about the evening of July 27, 2015 or early morning of July 28, 2015, and in support, would show as follows:

## I. PARTIES

1. The Plaintiff, Allan F. White, Jr., is bringing this action as father, next of kin and personal representative/Administrator Ad Litem of the Estate of Allan F. White, III., deceased, who was an adult resident citizen of the State of Tennessee and who was wrongfully and unconstitutionally killed by the Defendants as a result set forth in this complaint during the evening of July 27, 2015 or early morning of July 28, 2015. Allan F. White, III. is a resident citizen of Bradley County, Tennessee. Plaintiff, Allan F. White, Jr., as personal representative/Administrator Ad Litem of the Estate of Allan F. White, III., deceased, and is a proper party to bring this action for wrongful death of Allan F. White, III., pursuant to *T.C.A §20-5-101* et seq. including, but not limited to, *T.C.A. §§20-5-106* and *20-5-107* and any other applicable law. Plaintiff, Allan F. White, Jr., is bringing this action in his individual capacity and in his representative capacity as next of kin on behalf of all appropriate wrongful death beneficiaries including, but not limited to, the minor children of the decedent to wit: ██████████████, DOB: ██████ ████████ ██ DOB: ████ and ██████████ DOB: ██████

2. Plaintiff, Marlene White, is bringing this action as mother and next of kin of Allen F. White, Jr., deceased, who was an adult resident citizen of the State of Tennessee and who was wrongfully and unconstitutionally killed by Defendants as set forth in this complaint during the evening of July 27, 2015 or early morning of July 28, 2015. Marlene White is a resident citizen of McMinn County, Tennessee. Plaintiff, Marlene White, brings this action as

2

mother and next of kin of Allan F. White, III., deceased, and would show that she is a proper party to bring this action for wrongful death of Allan F. White, III pursuant to *T.C.A. §20-5-101* et seq. including, but not limited to, *T.C.A. §§20-5-106* and *20-5-107* and any other applicable law. Plaintiff, Marlene White, is bringing this action in her individual capacity and in her representative capacity as next of king on behalf of all appropriate wrongful death beneficiaries including, but not limited to, █████████████████████ DOB: █████████████████████████, DOB: ███████ and █████████████ █, DOB: ███████ the minor children of the decedent.

3. Allan White, Jr., and Marlene White, shall be referred to as ("Plaintiffs") throughout this action.

4. Defendant, Bradley County Government, hereafter called ("County") is a political subdivision of the State of Tennessee and among its other functions, operates and maintains a law enforcement agency known as Bradley County Sheriff's Department, ("BCSD"). The County and its sheriff's department is under a duty to operate its police activities in a lawful manner as to preserve the peace of the city and the rights, privileges, and immunities guaranteed to its residents and visitors by the constitutions and the laws of the United States and/or the State of Tennessee. The County and its sheriff's department are subject to suit pursuant to 42 U.S.C. §1983. The County and its sheriff's department may be served by this complaint by serving Sheriff Eric Watson, the duly elected sheriff of Bradley County, Tennessee and D. Gary Davis, the County Executive/Mayor of Bradley County at their respective offices in Cleveland, Bradley County, Tennessee.

5. Defendant Sheriff Eric Watson, is an adult resident citizen of Bradley County, Tennessee. At all times material hereto and pertinent hereto, Defendant, Eric Watson, was the duly

elected sheriff of Bradley County, Tennessee. Eric Watson, as sheriff, is responsible for the day-to-day operations of the Bradley County Sheriff's Department and is the final policy maker with respect to law enforcement operations of said county and he was in the same position and occupied the duty and leadership role mentioned above at all times relevant to this action. Defendant Watson, was and is under a duty to operate the police activities of the BCSD on behalf of the Bradley County Government so as to preserve not only the peace of the county, but also to protect its citizens and visitors and preserve their rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and/or the State of Tennessee. Defendant Watson, is obligated to maintain a sheriff's department and in all respects, operate the same lawfully and is charged with duty cognizance of the laws relating to the operation of the police department and the general laws with regard to responsible administration of said police departments on behalf of the Bradley County Sheriff's Department and Bradley County. Plaintiffs are bringing this action against the Defendant Watson, in his individual capacity and official capacity as sheriff of Bradley County, Tennessee and as a representative of the Bradley County political subdivision and government. Defendant Watson, may be served with process at his address at the Bradley County Sheriff's Department located in Cleveland, Tennessee.

6. Defendant, Officer Tiffany Oakley, ("Officer Oakley"), or ("Defendant Oakley"), is an adult resident citizen of Bradley County, Tennessee. At all times pertinent hereto, Defendant Oakley was an employee and officer with Bradley County and Bradley County Sheriff's Department, acting under the color of state law and within the course and scope of her employment with the BCSD. Plaintiffs are bringing this action against Defendant

<u>4</u>

Oakley in both her individual capacity and in her official capacity as an officer for the BCSD. Defendant Oakley may be served with process at her address or place of employment at the BCSD in Bradley County, Tennessee.

## II.     JURISDICTION AND VENUE

7.  This Court has jurisdiction over this action pursuant to *inter alia, T.C.A. §16-10-101,* Tennessee's Wrongful Death Statutes, Tennessee's Governmental Tort Liability Act, the Common Law of Tennessee, and other applicable laws. This Court also has current jurisdiction over any action arising out of *42 U.S.C. § 1983*, and this action is brought to you pursuant to *42 U.S.C. §§ 1983* and *1988* and the Fourth and Fourteenth Amendments to the United States Constitution.

8.  Venue is proper in this Court pursuant to *inter alia, T.C.A. §20-4-101*, because all or part of this cause of action arose within Bradley County, Tennessee.

## III.     FACTS

9.  On the evening of July 27, 2015 or early morning hours of July 28, 2015, Allan F. White, III. ("Mr. White or the decedent"), a male pedestrian, on Oak Tree Lane, Cleveland, Tennessee in a subdivision in Bradley County, Tennessee lawfully.

10. Mr. White, decedent, was going to see either the Defendant, Officer Oakley, whom he was very personally acquainted with or to another acquaintance's home location in the subdivision. The decedent was in the subdivision and the area because of his familiarity with the Defendant, Officer Oakley, and the neighbor of Officer Oakley, who was an acquaintance of his brother and a relative of his brother's girlfriend. Allan F. White, III. the decedent, was in the subdivision under lawful and legitimate purposes. The decedent was, at the time he was killed, completely unarmed and was not breaking any law by being

<u>5</u>

present in the area where the occurrences complained of herein happened or where the Defendant, Officer Oakley - confronted, assaulted, ill-treated, and killed him.

11. Defendant, Officer Oakley, without an appropriate basis, probable cause, or cause of sufficient reason, deployed unreasonable deadly force and other force against the decedent and did so at a time when the was unarmed and was withdrawing and retreating from her.

12. Defendant, Officer Oakley, came to the area where the decedent was and confronted and attacked the decedent, whom she was very familiar with because of their previous morass and friendly relationship and that she confronted and attached the decedent without reason and without justification and did so while operating under color of her position as a police officer while on duty in full uniform and armed.

13. Defendant, Officer Oakley, for some unknown reason, became antagonistic and aggressive toward the decedent and did by virtue of her improper actions, ill-treat, injury and cause the decedent's death. The unarmed decedent was shot, tased, physically assaulted and killed by the Defendant, Office Oakley, without necessity, justification, cause or reason. The officer used excessive force and as previously described, ill-treated and killed the decedent unlawfully, illegally, and unconstitutionally.

14. Defendant, Officer Oakley, shot the deceased in the leg from behind and rendered the deceased disabled and also then shot the decedent in close range in the abdomen and tased the decedent in the back with her police-issued taser. The Defendant, Officer Oakley, then misrepresented the true facts to her fellow officers, her supervisors and investigators in order to avoid a property and appropriate finding of true circumstances and to avoid criminal charges and potentially avoid liability to the decedent or his family for her illegal, unconstitutional and reprehensible actions.

6

15. Defendant, Officer Oakley, made radio reports to the dispatcher and dispatching center which were not accurate and made to cause the true facts of the occurrence to be absurd and distorted when taken into consideration her explanations and versions untruthfully given.

16. Defendant, Officer Oakley, directed her firearm and taser at the decedent, Mr. White, and discharged them multiple times without just cause. A total of three (3) shots were fired and the officer's taser was fired into the decedent. The decedent suffered from at least two (2) gunshot wounds as a direct and proximate result of Officer Oakley's actions, with at least 1 of these gunshot wounds being to his rear or back and one (1) shot at close range, if not in muzzle contact with the decedent's abdomen and the Defendant, Officer Oakley, discharged and shot the decedent at least twice and further show him with a taser even though the decedent was unarmed and had been rendered helpless by the shot to his leg and thigh.

17. The decedent did not have or possess a weapon of any kind at the time of the actions complained of herein.

18. The Defendant, Officer Oakley, acted with deliberate indifference and recklessness and reckless disregard to the rights of the decedent and acted intentionally.

19. The Defendant, Officer Oakley, deliberately, as supported and condoned by the Defendant, Watson, misrepresented the true facts, denied her previous relationship with, and familiarity with, the decedent and made false and intentionally untrue statements to police officers and investigators and investigating agencies in order to escape responsibility for the matters complained of herein and to avoid liability for the occurrence complained of herein.

20. Rather than standing at a safe distances from the deceased, requesting backup, or attempting to calmly talk with the decedent, the Defendant, Officer Oakley, used inappropriate, unwarranted, unreasonable, excessive and unjustifiable force against the decedent injuring and killing him.

21. The Defendant, Officer Oakley, for her personal reasons, escalated the encounter between the decedent and herself in this situation and used deadly force without any appropriate reason, probable cause, proper investigation or provocation and without using alternative available measures other than deadly force.

22. The decedent suffered extreme pain and suffering and lost his life as the result of the multiple wounds inflicted as a result of the actions or inactions of the Defendant, Officer Oakley.

23. As a direct and proximate result of the absence or omissions of the Defendant, Officer Oakley, Allan F. White, III. suffered extreme pain and suffering and was killed and his constitutional rights under the United States Constitution and Tennessee Constitution were violated.

24. It was foreseeable that the decedent and his family would sustain significant damages and devastating loss as the result of the actions and omissions of the Defendants.

25. At all times relevant hereto, Defendants, Officer Oakley and Watson, were acting in their official capacity as law enforcement officers for the Bradley County Sheriff's Department and acting under the color of state law. Defendant, Watson, knowingly joined in and allowed the false statements of the Defendant, Oakley, to be unchallenged and proffered statements to the media which were designed to mislead and misrepresent the true facts in

the matter when the Defendant, Watson, knew or should have known, that the same had not been investigated or verified and were untrue.

26. The policies, practices, customs and training of the Bradley County Sheriff's Office were of such a nature and driving force behind these constitutional deprivations that they should be a basis for recovery in that the Bradley County Sheriff's Department has, under the supervision and guidance of Defendant, Watson, allowed a pervasive and continuous attitude of denial and explanation of improper, illegal and unethical actions to be obscured and prevented from appropriate scrutiny. The pervasive de facto policy contributed to the damages complained of herein by the Plaintiffs on behalf of their decedent son.

27. Alternatively, at all relevant times to the complaint herein, Defendants, Oakley and Watson, were acting in their individual capacities.

28. In the time that the Defendant, Sheriff Watson, has been a person in charge of the sheriff's department, he has set an example of denial and subterfuge when confronted with improper police conduct and has upheld and initiated a prevalent de facto policy for his employees and his department to deny and/or not admit misconduct and has failed to demand the best law enforcement practices in regards to and including implementing corrective discipline actions and ethics of officers and supervisors in his department and that by so doing, his leadership established a policy of public statements of exoneration of improper actions no matter the circumstances.

29. The Defendants, Bradley County Sheriff's Department and Sheriff Watson, on the public airways issued a summary of substance and statements made that altogether failed to establish the true facts herein and that by virtue of the sheriff's department and its sheriff adopting said erroneous facts and circumstances attributed to the incident, interfered with

<u>9</u>

and caused an altogether failed effort to conduct a thorough investigation immediately of this incident. The Defendants, BCSD and Watson, failed to investigate inconsistencies in the stories of Defendant, Oakley, instead chose to accept her self-serving stories of the events that lead to the events of the death of Allan F. White, III. even though information was available, or should have reasonably available, to the sheriff and investigators that would show the prior relationship of Officer Oakley and the decedent and would show the inaccuracy of her purported lack of familiarity with the decedent and failure to disclose the true facts leading up to the killing of the Plaintiffs' decedent herein.

30. The Defendants, BCSD an Sheriff Watson, have created a custom and pattern of practice of exonerating its officers and its superiors from alleged wrongs, improper conduct and allegations of illegal acts and by developing such a policy have fostered an attitude that officers such as the Defendant, Oakley, can deny with impunity their culpability and responsibility for improper actions.

31. As a result thereof, the officer, Defendant Oakley, in this cause felt, by the de facto policy of the Sheriff's Department, that it was appropriate to make misrepresentations and false statements explaining the occurrence of the killing and that the use of such stories would be acceptable under the policy of the Sheriff's Department.

32. By failing to provide proper training and counseling for its officers, and by failing to conduct appropriate investigations and implement appropriate disciplinary actions and situations where its officers or superiors in the department are accused of misconduct, the department and the Defendant, Watson, encouraged violation of civil rights of the county citizens and the Defendants have created an environment within the sheriff's department where officers believe they can do whatever they want, whenever they want, to whoever

they want, irrespective of the United States Constitution so long as they can set forward a justification, story or version.

33. All of the above actions and omissions by the Defendants were the actual cause, proximate cause and cause-in-fact of the suffering and death of the decedent and the damages sustained by the Plaintiffs.

34. It was foreseeable to the Defendants that such conduct would cause Plaintiffs to sustain such damages.

## IV.    CIVIL RIGHTS VIOLATIONS AGAINST ALL DEFENDANTS

35. The allegations set forth in the previous paragraphs adopted and incorporated herein by reference.

36. Defendants, Bradley County Government, BCSD, Officer Oakley and Sheriff Watson, committed the above described actions and omissions under color of law and under color of their authority as law enforcement officers, substantially depriving the decedent of his rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. §1983 and deprived him of rights guaranteed to him by the United States Constitution including, but not limited to, the Fourth and Fourteenth Amendments. Specifically, he was deprived of rights including, but not limited to, (a) freedom from unlawful seizure of his person; (b) freedom from the use of unjustified and excessive force; and (c) freedom from deprivation of life and liberty without due process.

37. Prior to July 27, 2015, the Defendants, Bradley County Government and the BCSD, permitted, encouraged, tolerated and ratified an official pattern, custom and practice by its officers and superiors of improper and illegal activities including the use of excessive and unjustified force knowing that said practice violated the decedent's and others' free

11

exercise and enjoyment of rights and privileges secured to them by the United States Constitution and the Constitution of the State of Tennessee.

38. At the time of the incident on or about July 28, 2015, the county had no policy or custody regarding handling individuals such as the decedent, Allan F. White, III. who was confronted walking through a subdivision at night in a manner that would not escalate a situation and the Defendants did not provide training in the appropriate manner and means to handle such situations as that encountered at the time of this incident. Your Plaintiffs would show that no policy with regard to allowing personal relationships to be affected by police authority was property or enforced or required by the Defendants, Watson or the BCSD and nor were individual officers apprised of such policies which would prevent personal relationships from affecting police activities and actions. Even if the City had a policy or custom regarding such situations, the City improperly trained and/or supervised its police officers, thereby allowing such police misconduct to occur.

39. Defendants directly or with deliberate indifference, under the color of law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Defendant, Officer Oakley, by failing to enact proper procedures and policies for disciplining officers who violate the civil rights of citizens, such as the decedent, or by failing to enforce any such policy or procedure by punishing or censuring officers, Defendants have approved, condoned and ratified the unlawful conduct of others. Specifically, the county's law enforcement officer utilized excessive force in apprehending Mr. White and acted in deliberate indifference to his health and welfare by escalating the situation in an unnecessary and unreasonable manner. In addition thereto, the county's policy allowed, or did not prevent the Defendant, Officer Oakley, from exercising police powers for a

12

personal reason against a personal acquaintance which she had had a previous relationship with. The direct and proximate result of the Defendant's actions and inactions was that the decedent suffered severe physical and emotional injuries, including his death.

40. The Defendants, Bradley County Government and BCSD and Officer Oakey, have, under the policies of this sheriff's department, allowed county police officers to engage in a pattern of conduct that violates civil rights of citizens for extended periods of time and that Mr. White's death resulted therefrom and that the county has failed to enforce policies and procedures which would prevent the deprivation of constitutional rights and have, in fact, by inaction ratified unconstitutional conduct of officers by not appropriate punishing, disciplining, or training them to act according to law. The Defendants, Bradley County Government, BCSD and Sheriff Watson, have altogether failed to cultivate a culture of excellence in the county's police department by sending a clear message to county police officers that it is acceptable to misrepresent facts and explain away in public forums any allegations of misconduct leveled at the individual deputies, employees, agents, superiors and patrolmen of the department. The sheriff's department, under the supervision of Sheriff Watson, had established and allowed a pattern of conduct to exist which is for an extended period of time which facilitates deprivation of constitutional rights complained of herein. This tragic death of the decedent, Mr. White, was unnecessary and unjustified and should not have occurred and would not have occurred if the Bradley County Sheriff's Department would have established appropriate training, policies and enforcement of said policies to prevent such actions, including but not limited to, specific guidelines on utilizing deadly or excessive force on unarmed persons not exhibiting weapons and of boarding any of firearms, weapons or other police tools against persons who have a personal relationship

13

with the deputies such as the one used on the Defendant, Oakley, and he decedent in this cause.

41. The Plaintiffs aver that flying a multiple gunshot wounds toward an individual who is retrieving, moving away from and not threatening a police officer is excessive and fails to comply with any police appropriate procedures and that other alternative measures of confrontation, detention or control could have been utilized short of excessive and unreasonable deadly force in this cause. The Plaintiffs allege that the Defendant, Officer Oakley, took the actions complained of herein either by omission or commission under the cover of state law and by virtue of her authority as a law enforcement officer for the Bradley County Sheriff's Department and substantially deprive Mr. White of his clearly established rights and immunities guaranteed to him by the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. §1983 and §1988.

42. The Defendant, Officer Oakley, deprived Mr. White of fundamental rights guaranteed under the United States Constitution including, but not limited to, the right to be free from unlawful seizure or of his person; free from the use of unjustified, unnecessary, unreasonable, and excessive force; and free from the deprivation of life and liberty without due process of law.

43. The unreasonable and excessive use of force against Mr. White in the form of multiple gunshots fired at him and shooting him with a taser as he was moving away from and retreating from Defendant, Office Oakley, was unreasonable, excessive and unjustifiable use of deadly force and violative of his rights which are intentionally applied under the Fourth Amendment to the United States Constitution. Plaintiffs aver that the Defendants, Officer Oakley and Watson, knew to a moral certainty that the shots fired at Mr. White

14

under these circumstances was a means intentionally implied to seize him and were likely to cause severe injury or death. As previously stated, the Defendant shot the decedent at least two times with a firearm and once with a taser and did so when there was no justifiable reason and during a time when the decedent was retreating and moving away from the defendant, Officer Oakley. All of these occurrences occurred when Mr. White was unarmed with any weapon.

44. The Defendant, Officer Oakley, was not justified in the use of deadly force and further could not have believed, in good faith, that deadly force was warranted. In support of Plaintiffs' claim that the conduct of the Defendant, Officer Oakley, violated the Fourth Amendment rights of Mr. White. Plaintiffs rely upon the factual allegations set forth in this complaint, the custom, pattern and practice of the BCSD's officers and supervisors and the sheriff's department's failure to provide, or enforce, an appropriate policy with regard to segregating personal feelings and personal matters from police work and certainly segregating use of deadly force from a situation where an officer is engaged in a colloquy regarding a person who they have had an ongoing relationship with, or in the past has had an ongoing relationship with. Your Plaintiffs assert that the Defendants, County, BCSD and Oakley, have altogether failed to cultivate a culture of excellence within the sheriff's department. The sheriff's department has tolerated and ratified actions of officers and superiors to explain away allegations of improper conduct, proper decorum and proper actions for a long period of time. The department has acted unlawfully and unconstitutionally under the guidance of Defendant, Watson, and intentionally ignored the actions of officers and superiors of the department and have generally adopted an apathetic attitude with regard to appropriate and ethical conduct. The Defendant, Watson and BCSD,

15

has created in their officers unconstitutional expectations that it is acceptable to violate constitutional rights and laws by the officers and without responsibility.

45. The Defendants, BCSD and Sheriff Watson, does not properly investigate police seizures and uses of force or other police conduct within the department or take action for appropriate discipline to those that act inappropriately including officers and supervisors. Defendant, BCSD, and its relevant policy makers including, but not limited to, Sheriff Watson, has failed to remedy a pattern of misconduct within the department and by virtue of that deprived citizenry of their rights.

46. The Defendants, BCSD and Sheriff Watson's, policy, practice and custom of this police agency has established a custom of a police "code of silence" resulting in police officers refusing to report instances of conduct which they are aware despite their obligation under police department regulations to do so. It is proffered a code of silence to allow conduct including the conduct of police officers to be committed improperly and inappropriately and to be hidden, covered up or ignored within the department and that justifications and reasons are offered to the public to avoid liability or criminal responsibility or civil liability for improper police actions. The conduct also includes the superior officer's conduct in the Bradley County Sheriff's Department.

47. The injuries and death of Mr. White could have been avoided had the Defendants, BCSD, provided training or even better or more extensive training as to the proper use of excessive force and the department had not established policies complained of herein, de facto or otherwise, and had had appropriate policies with regard to police officers acting against persons who they have a personal relationship with under police power.

16

48. The Defendant, BCSD, was on notice of each and every constitutional violation alleged herein taking place by the sheriff's department officers including, but not limited to, Officer Oakley and Sheriff Watson.

49. As a direct and proximate result of the actions and omissions of Defendants, Officer Oakley and Watson, Mr. White was killed and his rights under the Fourth and Fourteenth Amendment of the United States Constitution were violated.

50. Plaintiffs aver that the Defendants, BCSD, Officer Oakley and Sheriff Watson, are liable for the actions of the Defendant, Officer Oakley, as set forth above because Defendant, BCSD and Sheriff Watson, permitted, encouraged, tolerated and ratified an official pattern, custom and practice by its law enforcement officers and superior officers, violating the law and federal constitutional rights of the public at large and their duties with regard to appropriate police conduct and behavior. The actions of Defendant, Oakley and Watson, as alleged above were performed pursuant to one or more policies, practices and/or customs of Defendant, BCSD and Bradley County.

51. After the incident, the Defendant, BCSD, the Defendant, Bradley County Sheriff Watson, and the Defendant, Officer Oakley, concluded and publicly stated that Oakley had acted appropriately and in compliance with the policies, practices and/or customs of the Bradley County Sheriff's Department. However, the actions of the Defendant, Officer Oakley, during the incident where a direct violation of policies, practices and customs of Defendant, BCSD, and recognized police policies of other departments and in violation of the laws of the United States and the State of Tennessee, regarding the use of deadly and excessive force. Despite violating the policies, practices, and customs of the City and state law, the Defendant, Officer Oakley, was not reprimanded or terminated. Accordingly, the

17

Defendants, BCSD and Sheriff Watson, ratified, condoned, acquiesced in or approved of Defendant, Officer Oakley's, conduct in this action in all respects. As Defendants, BCSD and Watson, determined that Defendant, Officer Oakley's, conduct as set forth herein was in compliance with the policies, practices and customs of the County, the Defendants, BCSD and Watson, are directly liable for the actions and constitutional violations of the Defendant, Officer Oakley.

52. The Bradley County Sheriff's Department and Bradley County Sheriff Watson failed to properly investigate the conduct of Officer Oakley. In most instances, the investigation was limited to the statements of the officer without any additional investigation into the physical evidence and/or facts. Also, the BCSD seldom, if ever, found that an officer's use of force or actions against persons who they had a personal relationship with under color of title and police power, was not justified.

53. Moreover, Defendant, Officer Oakley, had, in the past, a history of aggression and altercation with individuals confronted in the community by her during her employment as a patrol officer and had been involved in at least some instances which would give the sheriff's department notice of her inappropriate nature and willingness to engage in unnecessary force.

54. Defendants, BCSD and Watson and Oakley, violated the civil rights of the decedent in that they were deliberately indifferent to the rights of the decedent and others to their hiring, firing and retention of officers and the training of officers.

55. As a matter of both policy and practice, the BCSD and Defendant, Watson, directly encouraged and thereby became the moving force behind the very type of misconduct at

issue in this cause and by doing so, failed to adequately train and/or retrain, supervise and control officers such that their failure to do so manifests deliberate indifference.

56. As a matter of both policy and procedure, Defendants, BCSD and Sheriff Watson, facilitates the very type of misconduct at issue in this cause by failing to adequately investigate, punish and discipline prior instances of similar misconduct and by failing to train and enforce policies and procedures with regard to appropriate police conduct and insulating police conduct from affecting persons who police officers have had or do have ongoing relationship with. Such activity allows for abuse of citizens and persons such as the decedent.

57. Generally, as a matter of widespread practice so prevalent as to comprise a county department policy, officers of the BCSD conduct unlawful seizures and use excessive force on citizens, yet the BCSD makes findings of wrongdoing in an disproportionately small number of cases.

58. Defendants, BCSD and Watson, failed to have in place sufficient policies and procedures and/or training in areas which violated the decedent's civil rights including, but not limited to, the following areas:

    a.  Hiring and firing qualified, ethical and competent officers;

    b.  Proper training to know when to shoot or use force in a particulate situation;

    c.  Proper training to understand the rights of individuals guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution;

    d.  Training to know how to handle situations where an individual is potentially lawfully armed or unarmed; and

e. How to remove an officer from a situation involving persons to whom he is engaged in or has had in the past, a personal relationship with by deferring the matter to, when reasonably practicable, other officers, backup officers or additional assistance requested by said officer.

59. Defendant, Officer Oakley, committed the above-described actions and omissions under color of law and under color of their authority as state actors and that the Defendants, BCSD and Watson, likewise acted under color of state law, substantially depriving Allen J. White, III of his rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. §1983 and deprived Mr. White of his rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution, including, but not limited to:

a. Freedom from deprivation of life and liberty without due process of law;

b. Freedom from cruel and unusual punishment;

c. Freedom from deprivation of life without due process; and,

d. Freedom of excessive force.

60. The aforementioned actions and omissions of the Defendants were proximately caused by the policies, practices and customs of the Defendants, BCSD and Sheriff Watson, which were also the underlying cause of the death of Mr. White, the decedent.

61. In particular, Plaintiffs aver that they had a constitutional right of familial association with their son. Further, Plaintiffs aver that they had a constitutional right to the society and companionship of their son. As a direct result of Defendants' acts and omissions, Plaintiffs lost their son and suffered great losses of a personal and pecuniary nature including, but not limited to, the loss of companionship, society, and support of the decedent as well as

20

grief, sorrow and mental suffering. In addition thereto, your Plaintiffs would show that the decedent's minor sons set forth in this cause of action, likewise, suffered all of the aforesaid damages personally to which they are entitled to recover. Plaintiffs further aver that the Defendants violated these rights and that their actions constituted an unconstitutional termination of the familial association and society and companionship of their son under the Fourteenth Amendment to the United States Constitution with them and with his minor children.

62. The Defendants committed the above-described actions and/or omissions under the color of state law and by virtue of their authority as police officers of the BCSD and substantially deprived Mr. White of his clearly established rights, privileges and immunities guaranteed to him as a citizen of the United States by the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. §§1983 and 1988 and deprived him of his rights guaranteed under the Constitution of the State of Tennessee.

## V.    IN THE ALTERNATIVE, STATE LAW CLAIMS

63. The factual allegations in this complaint as set forth above are adopted and incorporated herein by reference for this section of the complaint as if fully set out.

64. By way of alternative pleading and in addition to the civil rights allegations asserted herein, Defendants, County and BCSD, is being sued pursuant to the provisions of the Governmental Tort Liability Act, T.C.A. §29-20-101, *et seq.* thereby subjecting it to liability for the acts of its agents, employees, apparent agents, and officers.

65. Defendants, Bradley County and BCSD, is a governmental entity has defined in T.C.A. §29-20-103.

Case 1:16-cv-00332-CLC-SKL   Document 1-1   Filed 08/08/16   Page 21 of 35   PageID #: 25

66. Defendants, Bradley County and BCSD's, immunity from suit has been removed by the Tennessee Governmental Tort Liability Act including, but not limited to, T.C.A. §29-20-205 which states, "Immunity from suit of all governmental entities is removed for injury proximately caused by the negligent act or omission of any employee within the scope of his employment." No exceptions to the removal of immunity apply under the facts of this case.

67. Defendants, Bradley County and BCSD, is a municipality organized under the laws of the State of Tennessee and operating a police department known as the Bradley County Sheriff's Department, has no immunity for the acts and omissions complained of herein.

68. Defendants, Bradley County, has waived immunity.

69. Defendants, Bradley County and BCSD, is being sued for acts of negligence including, but not limited to, negligent hiring, negligent retention of employees, negligent supervision of employees, and failing to take necessary precautions to prevent the injuries suffered by Allan J. White, III and Plaintiffs. Moreover, Defendants, Bradley County and BCSD, are being sued for the negligent acts of its employees and/or agents including, but not necessarily limited to, Defendant, Officer Oakley, who was acting in the course and scope of her employment at all times relevant to this action and for its decision to hire and retain Defendant, Officer Oakley.

70. Defendant, Officer Oakley, owed a duty to exercise reasonable care in handling the situation, the BCSD and Sheriff Watson owed a duty to train, supervise and investigate the death of the decedent, and in determining whether the actions of Defendant Oakley were appropriate with regard to the use of deadly force, i.e., to shoot or not to shoot and to determine if, in fact, Defendant Oakley was honestly setting forth the facts associated with

22

the occurrence. Defendant Oakley violated that duty causing foreseeable harm to the decedent.

71. Defendants, Bradley County and BCSD employees, supervisors and its sheriff, Defendant Watson, knew or should have known that the Defendant, Officer Oakley, was not competent to perform her duties in a safe and proper manner under the circumstances existing at the time but hired and continued to employ her and retained her as an employee anyway resulting in the foreseeable harm to the decedent.

72. Defendants, Bradley County and BCSD, negligently failed to supervise its employees including, but not limited to, Defendant Oakley and Defendant Watson, and that this resulted in the foreseeable harm and death of the decedent.

73. That Defendants, BCSD and Watson, were employees or agents of Defendant, Bradley County, and were acting in the course and scope of their employment or agency at all applicable times.

74. Defendants, Bradley County and BCSD, and Defendant, Watson, separately and by and through its respective employees and agents, acted within the scope of their employment or agency including Defendants, Officer Oakley and Watson, were negligent in handling the incident alleged herein and failed to comply with its own policies and procedures with respect to this incident as well as other recognized customs, practices and policies of law of police agencies. The Defendant owed the decedent a duty to use reasonable care under all applicable circumstances, failed to exercise due care and proximately and directly caused harm to the decedent including, but not limited to, his death. As such, the Defendants are not entitled to immunity.

75. In addition, Defendants, Bradley County and BCSD, separately by and through Defendants Oakley and Sheriff Watson, committed acts of negligence including, but not limited to, the following each and every one of which was the proximate result of the Plaintiffs' injuries and damages:

   a. Failed to take into consideration the health, welfare, and safety of Allan F. White, III;

   b. Failed to adequately supervise its officers and agents prior to and during the scope of this incident;

   c. Failed to adequately train its officers and agents with respect to the conduct which occurred in this incident;

   d. Failed to comply with all applicable policies and procedures prior to and during the course of this incident;

   e. Failed to properly screen its officers for propensity for violence and/or allowing them to continue serving in the field when Defendants, Bradley County and Sheriff Watson, knew or should have known that said officers posed a clear and present danger to the public and where it would be foreseeable that said officer would negligently, recklessly or intentionally injure a member of the public and failed to use all due care under the circumstances then and there existing and without due regard to the safety of Allan F. White, III;

   f. Failed to adequately determine the situation prior to the shooting; and

   g. Plaintiffs allege it was foreseeable to Defendants, or, in the exercise of reasonable care, should have been foreseeable to Defendants that confronting the decedent while it was dark and while he was walking through a subdivision would place him

24

in a precarious situation and would facilitate injury to him by an officer who was
not properly trained, was ill-motivated and who was desirous of doing harm to him.

76. As a direct and proximate result of the aforementioned actions and omissions of Defendant,
Oakley, Watson and BCSD, your decedent, Allan F. White, III, was killed.

77. In addition, the Defendant, Officer Oakley, and by virtue of her actions, the Defendant,
Sheriff Watson's, responsible because they were acting in the course and scope of their
employment with the County of Bradley County Sheriff's Department when Officer
Oakley committed the following acts of negligence, each and every one which was the
proximate cause of Plaintiffs' injuries and damages and imputable to Defendants, Watson
and BCSD and Bradley County:

    a. Officer Oakley failed to properly warn or make known her intentions at the time of
encountering the decedent and to do so from a distance that protected both her and
the decedent;

    b. That the Defendant, Officer Oakley, failed to take steps to prevent startling the
decedent or from threatening the decedent's wellbeing or health or safety;

    c. That the Defendant, Officer Oakley, failed to investigate the scene and assess the
same prior to taking action against a retreating individual;

    d. That the officer failed to ascertain, observe or see any threat or possession of
weapon or instrumentality of harm directed toward her prior to exercising
unreasonable and deadly force;

    e. That the officer failed to protect the decedent from possible violent confrontation
by placing him at a distance away from her and out of harm's way;

    f. That the officer failed to handle the scene in a prudent, cautious manner;

25

g. That the officer failed to make proper assumptions regarding the decedent that ultimately lead to his death.

78. That the Defendants, Bradley County and BCSD, should be held vicariously liable for all of the actions of its employees, agents and apparent agents.

79. That the Plaintiffs submit that the Defendants, Bradley County, BCSD, Watson and Oakley, and its agents and apparent agents and/or employees including, but not limited to, the Defendants named herein, acted with gross negligence.

80. That the decedent suffered greatly before the death and ultimately died as the direct result of the negligence and/or gross negligence alleged herein. Accordingly, Plaintiffs are entitled to compensatory damages and punitive damages for the conduct alleged herein as provided for under all applicable law including, but not limited to, the Tennessee Governmental Tort Liability Act and Tennessee Wrongful Death Act.

81. As a direct and proximate result of the aforementioned actions and omissions of Defendants, Allan J. White, III experienced pain and injury and was killed.

## VI.    DAMAGES

82. The allegations set forth in the previous paragraphs are adopted and incorporated herein by reference.

83. As a direct and proximate result of the acts and/or omissions of the Defendants, Oakley, Watson, Bradley County and BCSD, the decedent, Allan F. White, III was killed on or about July 28, 2015 and Plaintiffs, as his parents, were emotionally injured for life as were his three minor children. The injuries for which Plaintiffs seek compensation include, but are not limited to:

26

a. Physical injuries, including the death of the decedent, Allan F. White, III, and their resulting loss of familial association with him including, but not limited to, your Plaintiffs, his parents and his three minor children.

b. Conscious physical and emotional pain and suffering of their son, Allan F. White, III, from the time of injury until his death and his loss of pleasure of life;

c. Medical expenses incurred for their son, Allan F. White, III;

d. Funeral expenses incurred for their son, Allan F. White, III;

e. The pecuniary value of life of their son, Allan F. White, III, including, but not limited to, the loss of companionship and consortium for the Plaintiffs, *Allan F. White, Jr., Marlene White,* ██████████████ DOB: ██████████ ██████████ DOB: ██████ and ████████████████ DOB: ██████,

f. Infliction of emotional distress, negligent, and/or reckless and/or intentional, upon Plaintiffs;

g. Prejudgment interest and/or postjudgment interest and statutory and discretionary costs to the extent permitted by law;

h. Attorney fees pursuant to applicable law including, but not limited to, 42 U.S.C. §1988;

i. Any and all applicable compensatory and punitive damages;

j. It was foreseeable that the above damages would be sustained as a result of the policies, customs, lack of training, actions, and omissions of Defendants; and

k. All such further relief, both general and specific, to which they may be deemed entitled under the premises.

27

## VII. PUNITIVE DAMAGES

84. The allegations set forth in the previous paragraphs are adopted and incorporated herein by reference.

85. The actions of the Defendants were performed intentionally, recklessly, fraudulently, and/or maliciously, thus entitling Plaintiffs to a substantial award of punitive damages under applicable law.

## VIII. PRAY FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that summons issue and that Defendants be served and made to answer herein; that a jury trial be held wherein Plaintiffs are awarded compensatory damages in the amount of Three Million Dollars ($3,000,000.00) for the wrongful death of ALLAN F. WHITE, III, and punitive damages to be determined by a jury in this cause for Plaintiffs' civil rights claims and the maximum award allowed under applicable law for Plaintiffs' GTLA claims. Plaintiffs also request that they be awarded such other and further relief, both general and specific, to which they may be entitled under the premises.

**PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL CLAIMS ALLOWABLE BY LAW WHEN THE ISSUES ARE JOINED HEREIN.**

**ALLAN F. WHITE, JR., individually as Father & Next of kin and Administrator Ad Litem/Personal Representative of Estate of Allan F. White, III.**

By:     Attorney

**MARLENE WHITE, Mother & Next of Kin**

By:     Attorney

RANDY G. ROGERS, BPR#005630
Attorney for Plaintiffs
P.O. Box 507
Athens, TN 37371-0507
(423) 745-5674

## COST BOND

We, the undersigned, acknowledge ourselves as sureties for the costs of this cause not to exceed the sum of One Thousand ($1,000.00) Dollars.

ALLAN F. WHITE, JR. Principal
MARLENE WHITE, Principal

RANDY G. ROGERS, Surety

STATE OF TENNESSEE, COUNTY OF BRADLEY
I, Gayla H. Miller, Clerk of the Circuit Court of said County, do hereby certify that the foregoing is a true copy of the _Complaint_ as same as appears on the file in my office.
WITNESS my hand and Official Seal, at office in Cleveland, Tennessee. This _26_ day of _____
20 _16_        GAYLA H. MILLER
                                    Clerk
                                    Deputy Clerk

29

## IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE
## OF CLEVELAND

## SUMMONS

ALLAN F. WHITE, Jr., as father & )
next of kin and Administrator Ad )
Litem/Personal Representative of )
The Estate of Allan J. White, III., Deceased )
and )
MARLENE WHITE as mother & )
next of kin of Allan J. White, III. )
Deceased ) Docket No.: V-16-493
)
        PLAINTIFFS, ) JURY DEMANDED
)
vs. )
)
BRADLEY COUNTY GOVERNMENT, )
a political subdivision of the State of )
Tennessee; )
and )
SHERIFF ERIC WATSON, in )
his individual capacity and official capacity as )
the duly elected Sheriff of Bradley County, TN )
and as a police officer employed by, and in )
charge of the Bradley County Sheriff's )
Department )
and )
OFFICER TIFFANY OAKLEY, individually )
and in her official capacity as a sheriff's deputy/ )
police officer of the Bradley County Sheriff's )
Department )
)
        DEFENDANTS. )

TO THE ABOVE NAMED DEFENDANT: Bradley Co. Gov. by serving County Atty.

    You are hereby summoned and required within thirty (30) days after service of this summons upon you, exclusive4 of the day of service, to appear and make defense in this Court to the Complaint which is herewith served upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. With that time you are also required to serve a copy of your pleadings upon **RANDY G. ROGERS, Plaintiffs' attorney, whose address is P.O. Box 507, Athens, Tennessee 37371-0507.**

FILED 2016 AUG -1 PM 3:55 GAYLA H. MILLER CIRCUIT COURT CLERK

The person having this summons for service will return the same to this office within thirty (30) days after its issuance with written report of the manner of service or reason for failure to serve thereon.

WITNESS _Gayla H. Miller_ Clerk of said Court at office the _26_ day of _July_ 20 _16_.

_Gayla H. Miller_ CLERK

By: _Joan Dwenby_ D.C.

RECEIVED this _____ day of _____, 20____, D.Sheriff

**RETURN OF SERVICE**
I HEREBY CERTIFY AND RETURN, THAT ON THE _26_ DAY OF _July_, 20_16_.
I SERVED THIS SUMMONS TOGETHER WITH THE COMPLAINT HEREIN AS FOLLOWS:
_In person, by hand, to the county attorney Crystal Freiberg at the courthouse annex._

<del>SHERIFF</del>

_Travis Reed_ D. SHERIFF

X _Crystal Freiberg_
_County Attorney_

# IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE
## OF CLEVELAND

## SUMMONS

ALLAN F. WHITE, Jr., as father & )
next of kin and Administrator Ad )
Litem/Personal Representative of )
The Estate of Allan J. White, III., Deceased )
and )
MARLENE WHITE as mother & )
next of kin of Allan J. White, III. )
Deceased )

          PLAINTIFFS, )

vs. )

  )

BRADLEY COUNTY GOVERNMENT, )
a political subdivision of the State of )
Tennessee; )
and )
SHERIFF ERIC WATSON, in )
his individual capacity and official capacity as )
the duly elected Sheriff of Bradley County, TN )
and as a police officer employed by, and in )
charge of the Bradley County Sheriff's )
Department )
and )
OFFICER TIFFANY OAKLEY, individually )
and in her official capacity as a sheriff's deputy/ )
police officer of the Bradley County Sheriff's )
Department )
  )

          DEFENDANTS. )

**FILED**

2016 AUG -1 PM 3: 58

GAYLA H. MILLER
CIRCUIT COURT CLERK

Docket No.: V - 16 - 483

JURY DEMANDED

TO THE ABOVE NAMED DEFENDANT: _Tiffany Oakley as deputy sheriff and individually_

    You are hereby summoned and required within thirty (30) days after service of this summons upon you, exclusive4 of the day of service, to appear and make defense in this Court to the Complaint which is herewith served upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. With that time you are also required to serve a copy of your pleadings upon **RANDY G. ROGERS, Plaintiffs' attorney**, whose address is P.O. Box 507, Athens, Tennessee 37371-0507.

The person having this summons for service will return the same to this office within thirty (30) days after its issuance with written report of the manner of service or reason for failure to serve thereon.

WITNESS _Kayla H. Miller_, Clerk of said Court at office the _26_ day of _July_ 20 _16_.

_Kayla H. Miller_ CLERK

By: _Joan Duensby_ D.C.

RECEIVED this _____ day of _____, 20_____ , D.Sheriff

**RETURN OF SERVICE**
**I HEREBY CERTIFY AND RETURN, THAT ON THE** _26_ **DAY OF** _July_ , 20 _16_.
**I SERVED THIS SUMMONS TOGETHER WITH THE COMPLAINT HEREIN AS FOLLOWS:**
☒ in Person by hand at the Bradley County
Justice Center to the above plaintiff officer Williams
Oakley. officer Oakley's name has changed to law
olive.

_____ SHERIFF
_Trask./_ **D. SHERIFF**

# IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE
## OF CLEVELAND

## SUMMONS

ALLAN F. WHITE, Jr., as father & )
next of kin and Administrator Ad )
Litem/Personal Representative of )
The Estate of Allan J. White, III., Deceased )
and )
MARLENE WHITE as mother & )
next of kin of Allan J. White, III. )
Deceased )
)
        **PLAINTIFFS,** )
vs. )
)
BRADLEY COUNTY GOVERNMENT, )
a political subdivision of the State of )
Tennessee; )
and )
SHERIFF ERIC WATSON, in )
his individual capacity and official capacity as )
the duly elected Sheriff of Bradley County, TN )
and as a police officer employed by, and in )
charge of the Bradley County Sheriff's )
Department )
and )
OFFICER TIFFANY OAKLEY, individually )
and in her official capacity as a sheriff's deputy/ )
police officer of the Bradley County Sheriff's )
Department )
)
        **DEFENDANTS.** )

**FILED**
2016 AUG -1 PM 3:50
GAYLA H. MILLER
CIRCUIT COURT CLERK

Docket No.: V-16-493

**JURY DEMANDED**

**TO THE ABOVE NAMED DEFENDANT:** ERic WATSON Sherriff BRADLEY Co
AND INDIVIDUALLY

    You are hereby summoned and required within thirty (30) days after service of this summons upon you, exclusive4 the day of service, to appear and make defense in this Court to the Complaint which is herewith served upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. With that time you are also required to serve a copy of your pleadings upon **RANDY G. ROGERS, Plaintiffs' attorney, whose address is P.O. Box 507, Athens, Tennessee 37371-0507.**

Case 1:16-cv-00332-CLC-SKL   Document 1-1   Filed 08/08/16   Page 34 of 35   PageID #: 38

The person having this summons for service will return the same to this office within thirty (30) days after its issuance with written report of the manner of service or reason for failure to serve thereon.

WITNESS _Gayla H. Muller_ Clerk of said Court at office the _26_ day of _July_ 20 _16_.

_Gayla H. Muller_ CLERK

By: _Joan Dusenbey_ D.C.

RECEIVED this _____ day of _____, 20_____, D.Sheriff

**RETURN OF SERVICE**

**I HEREBY CERTIFY AND RETURN, THAT ON THE** __1__ **DAY OF** _Aug_ , 20 _16_

**I SERVED THIS SUMMONS TOGETHER WITH THE COMPLAINT HEREIN AS FOLLOWS:**

_Acceptic by Maket Smith_

_Served at the Bradley county Sheriffs dept._

_and accept by_

_____ **SHERIFF**

_Transterd_ **D. SHERIFF**